[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER
This matter is returned to the Finder of Fact for the purpose of further findings.
This court wrote a lengthy opinion on the issue of waiver of arbitration by a plaintiff who had commenced litigation,Levine v. Advest, 12 Conn. L.Rptr. 240, 241-243 (1994). Although this case involves a claim by a plaintiff that the defendant has waived the right to arbitrate, the principles involved are the same. There is nothing in the Fact Finder's memorandum to indicate the defendant was not aware of the right to arbitrate or that he could have claimed that right early on in this litigation.
The only thing that prevents me from finding there has been a waiver is the fact that the factual basis entitled "Background" in the plaintiff's memorandum for the waiver argument are not duplicated by any findings in the Fact Finder's Memorandum of Decision. The activity regarding CT Page 2212 opening statements and other proceedings on the hearing date are not supported by a transcript or other documentation.
If the Fact Finder concludes the factual allegations made in the plaintiff's memorandum are correct, there clearly was a waiver in this case. The Fact Finder should make a finding as to each of the pertinent factual allegations regarding waiver set forth in the plaintiff's memorandum.
The following inquiries in the court's opinion are relevant:
(1) When was litigation commenced; (2) was the defendant aware of arbitration clause when litigation commenced; (3) was default entered and reopened at the defendant's request; (4) what legal pleadings and discovery were filed in the case by the defendant; (5) did the plaintiff comply with any discovery requests; (6) were pretrials held; (7) what in fact occurred on the hearing date — were opening statements made and did plaintiff's counsel submit a trial brief to the defendant; and (8) were continuances granted in the case at the defendant's request.
If all or a substantial portion of these referenced matters are found in the affirmative, in the court's opinion there has been a waiver here and the court would be compelled to reject the Fact Finder's finding that there has not been a waiver.
Corradino, J.